UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GULF ISLAND SHIPYARDS, LLC<br><br>VERSUS<br><br>M/V ORANDA 1, bearing IMO No. 9576674,<br>her tackle, furniture, apparel, appurtenances,<br>etc., *in rem*, M/V SURF CHALLENGER,<br>bearing Official No. 1190616, her tackle,<br>furniture, apparel, appurtenances, etc., *in rem*,<br>and SURF SUBSEA, INC., *in personam* | CIVIL ACTION NO. _____<br><br>IN ADMIRALTY,<br>F.R.C.P. 9(h) AND RULE C |

## VERIFIED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes complainant, Gulf Island

Shipyards, LLC, and for its Verified Complaint against the M/V ORANDA 1, IMO No.

9576674, her tackle, furniture, apparel, appurtenances, etc., *in rem*, the M/V SURF

CHALLENGER, bearing Official No. 1190616, her tackle, furniture, apparel, appurtenances,

etc., *in rem*, (hereinafter, collectively "the Vessels"), and SURF Subsea, Inc., *in personam*,

stating an admiralty and maritime claim within this Honorable Court's admiralty and maritime

jurisdiction in accordance with Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of

the Supplemental Rules for Certain Admiralty and Maritime Claims, with respect, alleges upon

information and belief as follows:

## JURISDICTION AND PARTIES

### I.

Jurisdiction is proper in accordance with 28 U.S.C. §1333, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.  Venue is also proper in this district in accordance with 28 U.S.C. §1391(b)(2) and (d) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

### II.

At all material times, plaintiff, Gulf Island Shipyards, LLC (hereinafter referred to as "Gulf Island") was and now is a limited liability company organized under the laws of the State of  Louisiana and doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court.

### III.

At all material times, defendant, the Vessel, M/V ORANDA 1, bearing IMO No. 9576674, was and still is a foreign-flagged offshore supply vessel.  The *in rem* defendant vessel is now or will during the pendency of this lawsuit be, upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

### IV.

At all material times, defendant, the Vessel, M/V SURF CHALLENGER, bearing Official No. 1190616, was and still is a U.S.-flagged offshore supply vessel.  The *in rem* defendant vessel is now or will during the pendency of this lawsuit be, upon the navigable waters of Louisiana, within this district and within the jurisdiction of this Honorable Court.

V.

Upon information and belief, defendant, SURF Subsea, Inc. (hereinafter referred to as "SURF Subsea") was and now is a Delaware corporation doing business within the State of Louisiana, and within the jurisdiction of this Honorable Court and was and is a vessel management company and, at all material times, was and is the designated agent of the registered owner of Vessel.

**FACTS AND CLAIMS**

VI.

Gulf Island and SURF Subsea entered into a Vessel Mooring Agreement dated October 11, 2017 (the "Agreement," attached hereto as Exhibit "A"), pursuant to which Gulf Island provided various services and/or personnel for the Vessels, including but not limited to berthing and dockage, mooring services, horsepower, utilities and personnel while the Vessels were moored at Gulf Island's facility in Lake Charles, Louisiana, and such services and/or personnel were essential to and necessary for the operation of the Vessels and accomplishment of their mission.

VII.

Under the Agreement, SURF Subsea agreed to pay Gulf Island a mooring fee for each Vessel of $1.00 per linear foot or $246.00 per day for each Vessel.

VIII.

The Agreement provides that the Agreement shall terminate "if COMPANY has not made payment, in accordance with this Agreement, within thirty (30) days written notice from GIS of such non-payment."

IX.

The Agreement provides that in the event of termination, SURF Subsea is liable to pay Gulf Island (1) any outstanding mooring fees; (2) compensation for materials, work or services provided; (3) interest due for late payment; and (4) costs incurred by Gulf Island as a result of the termination.   Additionally, the Agreement provides that SURF Subsea is liable for any reasonable costs incurred in removal or disposal of the Vessels from the premises and the costs of restoration of the premise as a result of not timely removing the Vessels from Gulf Island's facility.

X.

From October 2017 through present, in accordance with the terms of the Agreement, Gulf Island invoiced SURF Subsea for mooring fees as well as other services and equipment provided to the Vessels.  In total, SURF Subsea owes Gulf Island approximately $141,942.00 in unpaid mooring fees and for other services and equipment provided for the M/V ORANDA 1 (Exhibit "B"), and approximately $111,201.00 for the M/V SURF CHALLENGER (Exhibit "B"), totaling approximately $253,143.00, which amount SURF Subsea has failed to pay, in breach of the terms and conditions of the Agreement.  The above figure, which continues to accrue daily, does not include interest to which Gulf Island is justly and duly entitled.  Under the Agreement, interest is owed at the rate of 1.5% per month for any and all amounts payable under the Agreement that are not paid when due.

XI.

Despite demand, SURF Subsea failed to remit payment for the amounts owed under the Agreement.   Accordingly, Gulf Island terminated the Agreement and demanded that SURF

Subsea remove the Vessels from Gulf Island's facility.  SURF Subsea failed to remove the Vessels as required by law and by the Agreement.  Accordingly, under the Agreement, Gulf Island is entitled to all costs and expenses, including reasonable attorney's fees, for the prosecution of this lawsuit.  Gulf Island is also entitled to recover costs incurred in removal of the Vessels from Gulf Island's facility and the costs of restoration of the facility from SURF Subsea.

## XII.

Despite numerous amicable demands and upon notice of monies owed by SURF Subsea and/or the Vessels and requests for payment of the aforementioned charges, the debt has not been paid.  SURF Subsea is justly indebted to Gulf Island for the damages as aforesaid and as to be shown more particularly at trial.

## XIII.

Gulf Island is also entitled to a maritime lien against the Vessels, and is legally entitled to seize said Vessels pursuant to its rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter. Gulf Island provided goods and services for the Vessels on the order of the owner or a person authorized by the owner, which services and personnel constitute necessaries under the Federal Maritime Lien Act, 46 U.S.C. §31342 as defined in 46 U.S.C. §31301.  Alternatively, Gulf Island is entitled to a maritime lien against the Vessels as a result of the breach of the Agreement, a maritime contract, and/or for the maritime tort of trespass.

XIV.

Gulf Island further requests that all expenses incurred in the safekeeping of the Vessels

be declared to be *custodia legis* expenses, including but not limited to all expenses associated

with docking the Vessels and maintaining the state of the Vessels following arrest, and that such

expenses be paid prior to the release of the Vessels or distribution of proceeds of its sale.

XV.

Gulf Island reserves the right to amend any article of this Verified Complaint as facts

become better known.

XVI.

In accordance with applicable Local Admiralty Rules, Gulf Island agrees to hold

harmless and indemnify the U.S. Marshal and all of its deputies for any and all liabilities as a

result of seizing the aforesaid property.

**WHEREFORE**, complainant, Gulf Island prays:

1.      For judgment *in personam* against defendant, SURF Subsea with interest

at the contractually-agreed rate and/or pre-judgment interest, expenses,

attorney's fees and costs;

2.      For process *in rem* pursuant to Rule C of the Supplemental Rules for

Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure be issued by the Court against the M/V ORANDA 1 bearing

IMO Number 9576674, her tackle, furniture, apparel, appurtenances, etc.,

and that all persons having a claim and interest therein be cited to appear

herein and answer, under oath, all and singular matters aforesaid, and that

the M/V ORANDA 1 be seized, condemned and sold to satisfy all amounts owed to Gulf Island, as set forth herein;

3.    For Judgment *in rem*, against the M/V ORANDA 1 in the full amount due as set forth herein, including pre-judgment interest, costs, seizure expenses and all attorney's fees;

4.    For process *in rem* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure be issued by the Court against the M/V SURF CHALLENGER, bearing Official No. 1190616, her tackle, furniture, apparel, appurtenances, etc., and that all persons having a claim and interest therein be cited to appear herein and answer, under oath, all and singular matters aforesaid, and  that the M/V SURF CHALLENGER be seized, condemned and sold to satisfy all amounts owed to Gulf Island, as set forth herein;

5.    For Judgment *in rem*, against the M/V SURF CHALLENGER in the full amount due as set forth herein, including pre-judgment interest, costs, seizure expenses and all attorney's fees;

6.    That any property arrested in this proceeding be sold under the direction of this Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to Gulf Island as set forth herein;

7.    That defendants be cited to appear and answer the matters aforesaid; and

8.    That this Honorable Court grant plaintiff such other and further relief which it may deem just and proper.

Respectfully submitted,

_____/s/ William C. Baldwin_____
WILLIAM C. BALDWIN (#31613)
JEANNE L. AMY (#37012)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:      (504) 582-8315
Facsimile:      (504) 589-8315
Email:  wbaldwin@joneswalker.com
           jamy@joneswalker.com